**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

CA 05 014 ML

**JOSE OFREY,**
Plaintiff

C.A. No.:____________

v.

**JOB LOT OF NORTH KINGSTOWN, INC.**
**And OCEAN STATE JOB LOT, INC.**
Defendants

# COMPLAINT

INTRODUCTORY STATEMENT/NATURE OF THE ACTION

This action is commenced by **JOSE OFREY** (hereafter "OFREY" or "Plaintiff"), an individual, against **JOB LOT OF NORTH KINGSTOWN, INC.** and **OCEAN STATE JOB LOT, INC.** (hereafter "Job Lot" or "Defendants") in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices, in violation of Title VII of the Civil Rights Act of 1964; in addition to other federal, state, and common law claims. Plaintiff, a male, born in Puerto Rico and of Puerto Rican ethnic background, alleges that he was discriminated against and retaliated against by the Defendants in the terms and conditions of his employment, on the basis of his race and national origin, and because he complained regarding the Defendants' unlawful employment practices, culminating in his unlawful termination from his employment.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§2000e et seq. All conditions precedent to establishing this court's jurisdiction have been satisfied.

2. The employment practices hereafter alleged to be unlawful were, and are now, being committed in the State of Rhode Island. Consideration of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they derive from a common nucleus of operative facts, and form part of the same case or controversy. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C 1367(a).

3. Venue is proper in this district pursuant to, inter alia, 28 U.S.C. 1391(b) and (c), because:

a. the alleged unlawful practices occurred and/or are continuing to occur within the State of Rhode Island, and in this judicial district;

b. all records relevant to the alleged unlawful practices are maintained and administered in the Defendants' places of business in North Kingstown and Warwick, Rhode Island, within this judicial district;

c. the Plaintiff would currently be receiving the full and fair benefit of his employment at the Defendants' place(s) of business in Rhode Island, and

within this judicial district, but for the Defendants' unlawful employment practices.

4. On March 29, 2004, Ofrey timely filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging that he had been discriminated against on the basis of his race and national origin, and had been subject to unlawful retaliation —RICHR #: 04-EAO-256-06/07; EEOC #: 16JA400152.

5. In timely fashion, Ofrey requested and received Right To Sue Authorization from the appropriate administrative agency(ies). (ATTACHMENT 1).

6. Ofrey has fulfilled all other conditions precedent to the institution of each count of this action.

PARTIES

7. The Plaintiff, Jose Ofrey, was born in Puerto Rico, and his ethnic background/race is Puerto Rican. He is a resident of the City of Providence, Rhode Island.

8. The Defendants Job Lot of North Kingstown, Inc. and Ocean State Job Lot, Inc. are believed to be Rhode Island corporations, maintaining a place of retail business and principal offices at 1375 Warwick Ave.; Warwick, RI 02888. On

information and belief, the Defendants are sufficiently joined and intertwined in terms of ownership, corporate direction and control, financial structure, employment policies and practices, and other material indicia of common ownership and control to be determined a single employer or, in the alternative, joint employers for the purpose of all claims at issue in this action, and to be held jointly and severally liable.

9. On information and belief, at all times material to the allegations of this Complaint, the Defendant(s) has(have) continuously, and does(do) now, employ at least 200 or more employees in the State of Rhode Island.

10. At all times material to the allegations of this Complaint, the Defendants qualified as an employer and/or covered entity pursuant to applicable provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq., and any other state or federal statutes referenced in this Complaint.

11. At all times material to the allegations of this Complaint, the Defendants have continuously been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §2000e(g) and (h).

12. At all times material to this action, Plaintiff was an individual, employee, and/or person covered under the terms and provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq.; The Rhode Island Civil Rights Act of 1990, R.I.G.L. §42-112-1 et seq.; The Rhode Island Fair Employment Practices Act, R.I.G.L. §28-5-1 et seq.; and any other state or federal statutes referenced in this Complaint.

13. On information and belief, and at all times pertinent to this Complaint, managers and supervisors engaging in discriminatory workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as the agent of the Defendants, with respect to all allegations of this Complaint, and the Defendant knew or should reasonably have known of their unlawful conduct.

FACTS COMMON TO ALL COUNTS

14. At the time of the events material to this Complaint, Plaintiff had been employed by the Defendants for approximately 8 months. For approximately the first 3 months of this period, Plaintiff was assigned to the Defendants by a temporary agency.

15. Throughout the tenure of his employment, the Plaintiff performed his assigned job duties in a satisfactory manner, meeting or exceeding the Defendants' legitimate expectations.

16. Plaintiff was born in Puerto Rico, and he is of Puerto Rican ethnic background, descent, and national origin.

17. During or about November, 2003, Plaintiff's supervisor changed his position from Splitting to Receiving, considered a promotion under the Defendants' normal work policies.

18. It is the Defendants' policy that anytime an employee changes positions, he/she is eligible for a raise.

19. The Plaintiff was informed by his Team Leader that he could not give Plaintiff a raise because his manager did not authorize the raise on the basis that Plaintiff is a Puerto Rican.

20. At the time of the events pertinent to this Complaint, Plaintiff believed that the Defendants treated aliens in a disparate manner, when compared with white American employees, with respect to benefits of employment, such as raises.

21. Plaintiff informed his immediate supervisor that he was not an alien, and that, as a native of Puerto Rico, he was an American citizen. Nevertheless, Plaintiff was told that he would not be given a raise because he was Puerto Rican.

22. Plaintiff complained to his General Manager about the mistreatment to which he believed he was being subjected, as well as regarding what he perceived to be the mistreatment of certain foreign born employees.

23. As an apparent result of his complaints, Plaintiff received a raise. However, the next day, or shortly thereafter, Plaintiff was terminated.

24. Plaintiff's manager stated, with other employees present: "Look how I fire a Puerto Rican...You are laid-off."

25. Defendants undertook the conduct referenced in Paragraphs 23 and 24 to retaliate against Plaintiff because he complained about what he reasonably believed to be the Defendants discriminatory and unlawful employment practices regarding the disparate treatment of employees based on their ethnic background, race, and national origin.

26. Based on good faith information and belief, following his termination, Plaintiff's job duties continued to be performed by employees who were not in any protected category relative to national origin, race, or ethnic background, or who agreed not to complain about unlawful disparate workplace treatment.

27. Plaintiff complained to appropriate authorities of the Defendants that he was the victim of unlawful, disparate, unfair and discriminatory workplace treatment.

28. Despite Plaintiff's complaints, no remedial action was taken.

29. Despite his complaints, Plaintiff was never provided with any valid or reasonable explanation for the Defendants' decision to terminate him.

30. Based on information and belief, the Defendants had no legitimate economic or other basis to lay off the Plaintiff, and Defendants continued to hire new personnel, following Plaintiff's discharge, to fulfill some or all of the duties he had previously performed.

31. Having failed in his efforts to resolve his concerns and complaints with Defendants, Plaintiff was forced to seek remedial assistance outside of the workplace; and filed charges of discrimination with the Rhode Commission for Human Rights and the federal Equal Employment Opportunity Commission.

32. In retaliation for his having complained about what he reasonably believed to be the unlawful treatment to which he was being subjected, and because he filed the charges referenced in the preceding paragraph, Plaintiff has been subjected by the Defendants to disparate, discriminatory, and retaliatory terms and conditions of his employment, including but not limited to his discharge and the Defendants' ongoing refusal to recall and reinstate him to his previous position as such positions became available.

33. The Defendants' conduct referenced in the preceding paragraph was undertaken to retaliate against the Plaintiff for asserting his right to be free from a

discriminatory and unlawful work environment, and because of his ethnic background, race, place of birth, and Puerto Rican descent.

34. The Defendants' conduct, as referenced in the preceding paragraphs, and other conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendants knowingly and purposefully subjected the Plaintiff to humiliating, discriminatory, and retaliatory treatment, as a result of his race, national origin, ethnic background and/or Puerto Rican descent.

COUNT I
As to All Defendants
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
42 U.S.C. §2000e, ET SEQ.

DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
RETALIATION
TERMINATION

35. The allegations contained in Paragraphs 1-34, above, are incorporated herein by reference in their entirety.

36. The Defendants' discriminatory conduct, policies, and practices are violative of the provision of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq. by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on race, national origin, and/or ethnic background;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his race, national origin, and/or ethnic background; and

d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as harm to his personal and professional reputation.

37. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Ofrey's race, national origin, and/or ethnic background. Such practices include, but are not limited to, Defendants':

a. retaliating against Ofrey because of his race, national origin, and/or ethnic background;

b. forcing Ofrey to work under discriminatory terms and conditions of employment, based on race, national origin, and/or ethnic background.

38. But for the Defendants' intent to discriminate against Plaintiff because of his race, national origin, and ethnic background, Defendants would not have subjected Plaintiff to discriminatory terms and conditions of employment or retaliated against him.

39. The Defendants purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's race, national origin, and/or national origin. The Defendants' conduct has unlawfully deprived Plaintiff of his employment status, income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused harm to his reputation; and has caused him humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT II
As to all Defendants
RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT
R.I.G.L.§28-5-1 et seq.

DISCIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
RETALIATION
TERMINATION

40. Paragraphs 1-34 above are herein incorporated by reference in their entirety.

41. The Defendants' discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA, by:

a. interfering with Plaintiff's right to avail himself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on race, national origin and/or ethnic background;

b. depriving him of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which he was entitled;

c. treating him in a hostile, demeaning, and otherwise unlawful manner based on his race, national origin, and/or ethnic background; and

d. causing him lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to his person and professional reputation.

42. The unlawful practices engaged in by the Defendants were motivated by impermissible and unlawful considerations concerning Ofrey's race, national origin, and/or ethnic background. Such practices include, but are not limited to, Defendants':

a. retaliating against Ofrey for complaining about what he reasonably believed to be unlawful workplace treatment;

b. forcing Ofrey to work under discriminatory terms and conditions of employment, based on race, national origin, and/or ethnic background.

43. But for the Defendants' intent to discriminate against Plaintiff because of his race, national origin, and ethnic background, Defendants would not have retaliated against Plaintiff or subjected him to discriminatory terms and conditions of employment.

44. The Defendants' conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which he was entitled; has caused irreparable harm to his reputation and professional mobility; and has caused him extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT III
As to all Defendants
THE RHODE ISLAND CIVIL RIGHTS ACT OF 1990
R.I.G.L. 42-112-1 ET SEQ.

DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT
RETALIATION
TERMINATION

45. Paragraphs 1-34 above are incorporated herein by reference in their entirety.

46. Despite Plaintiff's ability to perform the duties of his position in a satisfactory manner, the Defendants unlawfully subjected Plaintiff to discriminatory terms and conditions of employment, and retaliated against Plaintiff, because of Plaintiff's race, national origin, and/or ethnic background.

47. But for the Defendants' intent to discriminate against Plaintiff because of his race, national origin and/or ethnic background, Defendants would not have engaged in the unlawful conduct described in the preceding paragraphs.

48. By its conduct described in the preceding paragraphs, Defendants have engaged in unlawful conduct in violation of R.I.G.L. 42-112-1 et seq.

49. The Defendants' conduct was undertaken with a reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, and has unlawfully deprived the Plaintiff of his employment, income, benefits, privileges, promotions, and other benefits accruing to the employment relationship, as well as caused harm to his reputation, humiliation, and physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT IV
As to all Defendants
NEGLIGENT TRAINING AND SUPERVISION

50. Paragraphs 1-34, above, are incorporated herein, by reference, in their entirety.

51. Defendants owed a duty of care and responsibility to the Plaintiff, regarding its agents, supervisors, managers, and others with authority over the Plaintiff. Said duty required the Defendants to:

a. properly train its agents, supervisors, and managers, regarding appropriate workplace conduct;

b. exercise reasonable supervision and monitoring of the conduct of said individual(s);

c. take prompt and effective remedial action when it came to the Defendants' attention that said individuals were engaging in inappropriate or unlawful conduct;

d. take the steps to provide the Plaintiff and other employees with a safe and lawful workplace.

52. The Defendants acted as unfit and unsuitable employers, in the manner in which they trained and supervised their agents, supervisors, managers.

53. The Defendants breached the duty of care owed to the Plaintiff to exercise the skills, ability, and care customarily exercised by employers in similar circumstances, in the hiring, training, supervision, and monitoring of the attitude and performance of its agents, supervisors, and managers, especially with respect to their duty to maintain a workplace free from unlawful conduct.

54. As the direct, foreseeable, and intended result of the Defendants' tortous conduct, the Plaintiff has suffered lost wages, benefits, harm to his good and valuable personal and professional reputations, and other damages now and in the future, including severe emotional distress with resulting severe physical and emotional manifestations, as well as those damages for which there is no adequate remedy at law.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

COUNT V
As to all Defendants
RHODE ISLAND WHISTLEBLOWER PROTECTION ACT

55. Paragraphs 1-34, above, are incorporated herein, by reference, in their entirety.

56. Defendants have discriminated and retaliated against the Plaintiff, in regard to the terms and conditions of his employment, because he complained to the Defendants regarding what he reasonably believed to have been Defendants' unlawful conduct, indicated an intention to seek remedial assistance, and filed charges of discrimination with appropriate state and federal authorities.

57. Defendants retaliation included but was not limited to Defendants laying Plaintiff off and failing to recall him for available positions.

58. Defendants' conduct was in violation of the Rhode Island Whistleblower's Protection Act, R.I.G.L. Section 28-50-1 et seq.

59. As a result of the Defendants' discriminatory and retaliatory conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to his career, harm to his reputation, lost wages, lost opportunities for advancement, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendants, jointly and severally, and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a. an order that the Defendants institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals regardless of race, national origin, ethnic background.

b. an order that the Defendants make whole the Plaintiff with appropriate lost earnings, benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices,

including, but not limited to the granting to Plaintiff appropriate increases, benefits, status, and promotional opportunities of the workplace;

c. an order that the Defendants make whole the Plaintiff by providing compensation for any pecuniary losses, including, but not limited to, any costs incurred for health and life insurance premiums, medical treatment, losses in pension entitlement, vacation pay and other benefits, in amounts to be determined at trial;

d. an order that the Defendants make whole the Plaintiff by providing compensation for non-pecuniary losses, including, but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-24;

e. grant attorney's fees and the costs of this action;

f. grant punitive damages, as appropriate, to punish the Defendants for its malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. §28-50-4, 42-112-2, and 28-5-1;

g. grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L. §9-21-10; and

h. grant such further relief as this Court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Jose Ofrey,
By His Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

ATTACHMENT A

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 04 EAO 256 EEOC NO. 16JA400152

In the matter of

Jose Ofrey
Complainant

Against

**NOTICE OF RIGHT TO SUE**

Job Lot of North Kingstown, Inc./ Ocean State Job Lot, Inc.
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

10/16/04 [signature]

Date

Michael D. Evora
Executive Director

*********************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a RIGHT TO SUE in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the RIGHT TO SUE within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Stephen Fanning, Esq.
Richard L.E. Jocelyn, Esq.
Marc Perlman, President
Andrew G. Sholes, Agent for services

A-72

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Jose Ofrey**
**150 Filmore Street**
**Apt. J**
**Providence, RI 02908**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2004-00152** | **Rance A. O'Quinn, Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

[signature]

**Robert L. Sanders,**
**Area Office Director**

NOV 26 2004
*(Date Mailed)*

Enclosure(s)

cc: **Marc Pearlman**
**OCEAN STATE JOB LOT, INC.**
**1375 Warwick Avenue**
**Warwick, RI 02886**