UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JOSE OFREY | : | |
| | : | |
| VS | : | .A. NO. 05-014ML |
| | : | |
| JOB LOT OF NORTH KINGSTOWN, | : | |
| INC. and OCEAN STATE JOB LOT, INC. | : | |

**ANSWER OF DEFENDANTS TO PLAINTIFF'S COMPLAINT**

Defendants Job Lot of North Kingstown, Inc. ("JLNK") and Ocean State Jobbers, Inc. ("Ocean State") (incorrectly named herein as Ocean State Job Lot, Inc.) respond to plaintiff's complaint and state as follows:

The introductory paragraph characterizes the complaint and makes statements of law, and therefore no response is required. To the extend a response is required, defendants deny the allegations contained in said paragraph.

JURISDICTION AND VENUE

1. Paragraph 1 asserts a legal conclusion to which no response is necessary.

2. Defendants deny the first sentence of Paragraph 2 and state that the remainder of Paragraph 2 asserts a legal conclusion to which no response is necessary.

3. Paragraph 3 asserts a legal conclusion to which no response is necessary.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

4

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

PARTIES

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, except defendant Ocean State states that its business records indicate that Plaintiff is a resident of Providence, Rhode Island.

8. Defendants admit they are Rhode Island corporations, but deny the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Admitted.

10. Paragraph 10 asserts a legal conclusion to which no response is necessary.

11. Paragraph 11 asserts a legal conclusion to which no response is necessary.

12. Paragraph 12 asserts a legal conclusion to which no response is necessary.

13. Denied.

FACTS COMMON TO ALL COUNTS

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint, except state that plaintiff was employed by a temporary agency and assigned to defendant Ocean State for a period of time prior to his hire.

15. Denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. Denied.

18. Denied.

19. Denied.

20. Defendants are without information or knowledge as to what plaintiff believed and therefore denies the allegations contained in Paragraph 20 of the Complaint.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Denied.

33. Denied.

34. Denied.

Count I

35. Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 34 above.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

Count II

40. Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 39 of the Complaint.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

Count III

45. Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 44 of the Complaint.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

Count IV

50. Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 49 of the Complaint.

51. Paragraph 51 asserts a legal conclusion to which no response is necessary.

52. Denied.

53. Denied.

54. Denied.

Count V

55. Defendants repeat and incorporate by reference their answers to the allegations contained in Paragraphs 1 through 54 of the Complaint.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

To the extent that Plaintiff has failed to timely comply with the limitation periods, the action is barred.

**THIRD AFFIRMATIVE DEFENSE**

To the extent the plaintiff has failed to comply with the administrative prerequisites to filing suit, the action is barred and/or the Court lacks subject matter jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigation his damages.

**FIFTH AFFIRMATIVE DEFENSE**

All employment decisions concerning the Plaintiff were based on valid, job-related nondiscriminatory grounds and lawful business considerations and were not the result of any intention or purpose, past or present, to discriminate unlawfully against the Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff was an at-will employee subject to termination at any time with or without cause.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred by the exclusivity provisions of the Workers Compensation Act.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff was never an employee of Job Lot of Kingstown, Inc.

WHEREFORE, Defendants respectfully request that the Court:

(a) dismiss plaintiff's Complaint in its entirety, with prejudice;

(b) deny each demand and prayer for relief contained in the Complaint'

(c) award Defendants costs and reasonable attorneys fees; and

(d) grant such other and further relief as the court deems just and proper.

JOB LOT OF NORTH KINGSTOWN, INC.
and OCEAN STATE JOB LOT, INC.

By their Attorneys,

Joseph D. Whelan (#5694)
Hinckley, Allen & Snyder LLP
1500 Fleet Center
Providence, RI 02903
401-274-2000
401-277-9600 (fax)

## CERTIFICATION

TO:

Stephen T. Fanning, Esq.
305 South Main Street
Providence, RI 02903

I hereby certify that I mailed a copy of the within Answer to counsel of record, as above, on the 17th day of February, 2005.

Cynthia Lomas

643687v1
(39310/122523)